IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John J. Gainey; and Donald W. Nugent, ) | C/A: 3:09-986-JFA-JRM |
| ) | |
| Plaintiffs, ) | |
| vs. ) | ORDER |
| ) | |
| BlueCross and BlueShield of South Carolina, ) | |
| ) | |
| Defendant. ) | |

The plaintiffs, John J. Gainey and Donald W. Nugent, bring this employment discrimination action against their former employer, BlueCross and BlueShield of South Carolina (BCBS). The plaintiffs allege they were victims of race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. The plaintiffs also assert a claim for defamation under South Carolina law.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation and suggests that the defendant's motion for summary judgment should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiffs were both employees of the defendant's Technology Support Center

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

(TSC) of BCBS's Information Systems Department (I/S). Nugent was the manager of the Internal Services Section and Gainey was a TSC technical support analyst. Gainey and Nugent, both white males, worked with Kortney Murray, a black female, who was also a TSC support analyst. Plaintiffs and Murray apparently became workplace friends and socialized occasionally outside of the workplace. Over time, the three exchanged hundreds of personal text messages on their personal cell phones. Some of these messages included sexual banter or innuendo.

Eventually, Murray reported to Nugent's direct supervisor, Loretta Hazel, that she had received sexual overtures from Nugent and Gainey, as well as an inappropriate visual message and inappropriate text messages which she showed to Hazel. Ultimately, the matter was referred to BCBS's human resources department. Both plaintiffs were suspended from work without pay, while the human resources department investigated the allegations. The suspensions were later changed to "with pay." Both plaintiffs apparently took the position that the cell phone texting was all consensual and that Murray had participated without objection.

After a full investigation, BCBS notified the plaintiffs that their employment was terminated due to "unprofessional behavior in the workplace" in violation of corporate policy.

While the investigation was pending, Murray was suspended and allegations against her were also investigated. Upon her return from her paid suspension, Murray was presented with a written counseling memorandum, was transferred to another team, and demoted from

2

Team Lead. Soon thereafter, she resigned from BCBS.

On this record, the Magistrate Judge suggests that the defendant's motion for summary judgment should be granted. He is of the opinion that the plaintiffs have failed to advance a prima facie case of race or sex discrimination on the record assembled during discovery in this case.

Central to the plaintiffs' claim of unlawful discrimination is the allegation that Murray, the alleged victim of the sexual overtures, was disciplined less severely for similarly serious offenses. The Magistrate Judge suggests that Murray is not an appropriate comparator in that her prohibited conduct was not of similar seriousness to that of Nugent, who was Murray's supervisor. As the Magistrate Judge notes, courts have found that the misconduct was not similarly serious where the plaintiff was a supervisory employee and the comparator was not. As to Gainey, who was a team lead along with Murray, the Magistrate Judge points out that Gainey had previously been issued an employee corrective action report for sending inappropriate electronic communications to a co-worker. Thus, Murray was not a similar comparator to Gainey, who had a previous infraction on his record whereas Murray did not.

The plaintiffs also allege that other BCBS employees who, according to the plaintiffs were similarly situated to them, engaged in equivalent conduct that was not subject to equivalent discipline. The plaintiffs point to Josie Heilman, Beth Snell, and Susan Temples, as employees who were disciplined less severely for similarly serious conduct. The Magistrate Judge discusses in detail how each of these three comparators engaged in conduct

3

that was not substantially similar to that of the plaintiffs.

As to the defamation claim, the Magistrate Judge suggests that this claim must fail because the plaintiffs have not shown that BCBS "published" (either by words or conduct) that Gainey and Nugent were terminated for sexual harassment. As the Magistrate Judge observes, plaintiffs appear to argue that this statement was published because BCBS conducted sexual harassment training with employees several weeks after plaintiffs' terminations, and because at least two employees heard from management that Gainey and Nugent were terminated for sexual harassment.

After careful inspection of the record in this case, the Magistrate Judge is of the opinion that the facts, even viewed in the light most favorable to the plaintiffs, do not support the assertion that they were the subject of the tort of defamation. Based on his careful analysis of the record in this case, the Magistrate Judge suggests that the defendant's motion for summary judgment should be granted in all respects.

Within the time prescribed by the local rules for this district, the plaintiffs filed objections to the Report and Recommendation and the matter is now before the court for its review.

In challenging the Magistrate Judge's recommendation on the two federal claims of race and sex discrimination, the plaintiffs suggest that the Magistrate Judge's analysis is flawed. Plaintiffs contend that the fact that Nugent was a manager and that Gainey had prior counseling for unprofessional behavior is of no consequence because the defendant did not rely on these factors in determining that a dismissal of both plaintiffs was proper. The court

4

is unpersuaded by this argument. In determining who is and who is not a proper comparator to the plaintiffs, the court is entitled to look at all of the relevant facts and circumstances. The fact that one of the plaintiffs was a supervisor and the other had been previously counseled for unprofessional behavior similar to what occurred with Ms. Murray, is unquestionably of significance in determining whether similarly situated employees were treated differently. The court is not convinced that these two factors, which the court deems to be of critical importance in the decision to terminate the plaintiffs here, constitutes inappropriate post hac rationales for BCBS's employment decision.

In their second objection, the plaintiffs challenge the Magistrate Judge's failure to address an argument advanced before the Magistrate Judge. Specifically, plaintiffs contend that there is evidence in the record that BCBS was concerned about the prospects of a black female employee (Murray) filing a Title VII action based on conduct of the plaintiffs.

The court finds plaintiffs' reliance upon *Ricci v. Destefano*, 129 S.Ct. 2658 (2009) to be misplaced. Although it is true that the court in *Ricci* indicated that fear of litigation alone cannot justified a city's reliance on race to the detriment of individuals who passed examinations and qualified for promotions, it should be noted that *Ricci* was a disparate impact case. In other words, disregarding the test results in that case had a disparate impact on a set of minority employees which the Court found to be unlawful.

This case is not a disparate impact case. The employer, BCBS, was faced with two sets of employees who had misbehaved: the plaintiffs and, to a lesser extent, Ms. Murray. Both sets of employees were disciplined: the plaintiffs by termination and Ms. Murray, by

5

suspension, counseling, transfer to another team, and demotion from Team Lead. The fact that potential litigation from Murray might have entered the discussions of how to discipline the two groups of employees should not be held against BCBS. The record in this case clearly and unequivocally establishes that the plaintiffs in this action had engaged in conduct that warranted a more severe sanction. The record does not disclose that fear of litigation by Ms. Murray prompted BCBS's decision to terminate the plaintiffs.

The plaintiffs have not objected to the Magistrate Judge's recommended disposition of the defamation claim, and therefore the court accepts the recommendation on this claim without objection.

Having considered and rejected the plaintiffs' objections to the Report and Recommendation, the court incorporates the Report in this order by reference and hereby grants the defendant's motion for summary judgment.

IT IS SO ORDERED.

September 14, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge